**CV-09 2494**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SIFTON, J.
GO, M.

-----------------------------------------------------------------x

SAEEDA KHAN,
on behalf of herself and all others similarly situated,

            Plaintiff,

-against-

NCO FINANCIAL SYSTEMS INC.

            Defendant

-----------------------------------------------------------------x

## CLASS ACTION COMPLAINT

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUN 11 2009   ★

LONG ISLAND OFFICE

Plaintiff, by and through her undersigned attorney, alleges upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action on her own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff Saeeda Khan is a resident of the State of New York, Kings County. On or about June 12, 2008, defendant sent an initial debt collection notice.

5. Defendant NCO Financial Systems, Inc. is a Delaware Limited Partnership engaged in the business of collecting debts. Defendant regularly attempts to collect debts alleged to be due another.

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action as a statewide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers who have received debt collection notices and/or letters from the defendant which are in violation of the FDCPA, as of the date of plaintiff's complaint, and their successors in interest (the "Class"). Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of NCO.

7. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

2

8. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

9. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 169e(10), 1692g(a)(2), 1692g(a)(4) and 1692g(a)(5).

   b. Whether plaintiff and the Class have been injured by the defendant's conduct;

   c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   d. Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

Case 1:09-cv-02494-CPS-ALC   Document 1   Filed 06/11/09   Page 4 of 11 PageID #: 4

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15. On or about June 12, 2008, defendant did send to the plaintiff an initial collection letter. Copy of said letter is annexed hereto as **Exhibit A**.

16. The June 12, 2008 collection letter stated that the Current Creditor of the account at issue was NCO Portfolio Management.

17. Defendant received a letter of dispute which disputed the validity of the debt, disputed that NCO Portfolio Management is the current creditor, requested verification of the debt and requested the name and address of the original creditor. **Exhibit B**.

18. Defendant deceptively attempts to collect debt it can neither verify nor ascertain basic information. **Exhibit C**.

19. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

## FIRST CAUSE OF ACTION
(Violations of the FDCPA)

20. Each of the above allegations is incorporated herein.

21. Defendant's debt collection attempts violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(10), 1692g, 1692g(a)(2). 1692g(a)(4) and 1692g(a)(5), by publishing that NCO Portfolio Management is the creditor, when in fact it is deceptively attempting to collect debts which it cannot evidence either the present creditor nor the original creditor, despite the affiliation between the debt collector NCO Financial Systems Inc. and the purported creditor, NCO Portfolio Management.

**EXHIBIT A**

PO Box 4909
Dept 22
Trenton, NJ 08650-4909

**NCO FINANCIAL SYSTEMS INC**

507 Prudential Road, Horsham, PA 19044

1-800-383-4761
OFFICE HOURS:
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY
Jun 12, 2008

Calls to or from this company may be monitored or recorded for quality assurance.

EZT415    404-11067
SAEEDA B KHAN
777 E 31ST ST
BROOKLYN NY 11210-3167

NCO PORTFOLIO MANAGEMENT
FORMER CREDITOR: AMERICAN EXPRESS
ACCOUNT #: 373705390541004
PURCHASED BALANCE: $1224.60
INTEREST AMOUNT: $ 1977.91
INTEREST RATE: 6.000%
COLLECTION CHARGES: $$ 0.00
COSTS: $ 0.00
OTHER CHARGES: $ 0.00
TOTAL BALANCE: $3202.51

The creditor has agreed to accept 40 percent of the balance listed above or $1281.00 as a lump sum settlement of the account. This offer will remain valid for a minimum of 45 days from the date of this letter and may be extended for an additional period. Before making a settlement payment after 45 days from the date of this letter, please confirm with one of our representatives that this offer is still valid.

Should you choose to accept this offer, please enclose the bottom portion of this letter, or a copy thereof, with your settlement payment and mark your check or money order with the account number and that this is a settlement. Returned checks may be subject to the maximum fees allowed by your state.

You may also make payment by visiting us online at www.ncofinancial.com. Your unique registration code is CEZT4152-261UF0.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Should you choose not to accept this offer, your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

---
**PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)**

THIS COLLECTION AGENCY IS LICENSED BY THE DEPT OF CONSUMER AFFAIRS OF THE CITY OF NY, LICENSE#0907469

| Our Account # | Total Balance |
|---|---|
| EZT415 | $ 3202.51 |

SAEEDA B KHAN

Payment Amount

$

Check here if your address or phone number has changed and provide the new information below.

Make Payment To:

NCO FINANCIAL SYSTEMS
PO BOX 4907
TRENTON NJ 08650-4907

NCO E6
11067

012200EZT4158000000150000000003202510

Exhibit B

July 18, 2008

NCO Financial Systems, Inc.
Attn: Dispute Department
507 Prudential Road
Horsham, PA 19044

Re:  **Saeeda Khan w/NCO Portfolio Management**
     **Original Creditor: American Express 373705390541004**
     **Your Acct. No. EZT415**
     **Disputed Balance: $3202.51**

Dear Dispute Department:

Please be advised that I represent Saeeda Khan.

Pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692g, you are advised that the validity of this debt is disputed.

Please be further advised that my client disputes the assertion that this disputed American Express account was purchased by NCO Portfolio Management.

Please obtain verification of this disputed debt and send verification to Shaked & Posner.

Please send verification that NCO Portfolio Management purchased this American Express account.

Please provide Shaked & Posner the full corporate name of the original creditor.

Please provide Shaked & Posner the address of the original creditor.

Very truly yours,

Dan Shaked, Esq.

Exhibit C

**NCO**
NCO Financial Systems, Inc.

507 Prudential Road
Horsham, PA 19044
1-866-305-9426

Office Hours: 8:00 a.m. - 9:00 p.m. Monday through Thursday,
8:00 a.m. - 5:00 p.m. Friday, 8:00 a.m. - 12:00 noon Saturday

August 11, 2008

Dan Shaked, Esq.
Shaked & Posner
255 West 36th Street 8th Floor
New York, NY 10018

Re: Your Client: Saeeda Khan

| Our Reference No(s). | Creditor(s) |
|---|---|
| EZT415 (ct) | NCO Portfolio Management as successor in interest to Amex |
| | Account No.: 373705390541004 |

Dear Dan Shaked, Esq.:

Thank you for your inquiry regarding the above-referenced account. Please be advised that the above-referenced account is closed in our office.

We appreciate the opportunity to respond to your inquiry.

Very truly yours,


Jamal A. Butler
Incoming Data Management

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector. This collection agency is licensed by the Department of Consumer Affairs of the City of New York, License # 0907469.

Calls to or from NCO Financial Systems, Inc. may be monitored or recorded for quality assurance.